UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RODRIGUEZ, | ) 1:09-cv-00380-OWW-SMS |
| | ) |
|     Plaintiff, | ) FINDINGS AND RECOMMENDATIONS TO |
|  v. | ) DISMISS PLAINTIFF'S CLAIM AGAINST |
| | ) THE ADMINISTRATIVE LAW JUDGE |
| MICHAEL J. ASTRUE, | ) WITHOUT LEAVE TO AMEND, FIND A |
| COMMISSIONER OF SOCIAL | ) COGNIZABLE CLAIM AGAINST |
| SECURITY, | ) DEFENDANT COMMISSIONER OF SOCIAL |
| | ) SECURITY, AND DIRECT SERVICE OF |
|     Defendant. | ) THE COMPLAINT |
| | ) |
| _____ | ) |

Plaintiff is proceeding pro se and in forma pauperis with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits.

 I. Screening the Complaint

  A. Legal Standards

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

1

such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must
contain:
(1) a short and plain statement of the grounds
for the court's jurisdiction, unless the court
already has jurisdiction and the claim needs no
new jurisdictional support;
(2) a short and plain statement of the claim
showing that the pleader is entitled to relief;
and
(3) a demand for the relief sought, which may
include relief in the alternative or different
types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions," none of which applies to

section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506,

512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a

complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. P. 8(a). "Such a statement must simply give the defendant

fair notice of what the plaintiff's claim is and the grounds upon

which it rests." Swierkiewicz, 534 U.S. at 512. However, "the

liberal pleading standard... applies only to a plaintiff's

factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9

(1989).

In reviewing a complaint under this standard, the Court must

accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

(1976), construe the pro se pleadings liberally in the light most

favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447

(9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will reveal evidence of the required element. Bell, 127 S.Ct. at 1965. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. Bell, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a

fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

B. Plaintiff's Complaint

Plaintiff's signed complaint consists of one page of allegations with 166 pages of attached documents, consisting of documents associated with a Social Security proceeding. Indulging all inferences in favor of the pro se plaintiff, the Court concludes that Plaintiff alleges that an administrative law judge abused his discretion in rendering a decision finding Plaintiff not disabled that was not supported by substantial evidence. The complaint refers to a final decision from the Social Security

4

Administration (SSA), to new and material evidence contrary to
the weight of the decision, and to a treating doctor's opinion
that Plaintiff was disabled.

B. <u>Wrong Defendant</u>

The only claim stated by Plaintiff is a claim for review of
the Commissioner's denial of Plaintiff's application for
benefits.

The Commissioner, currently Michael J. Astrue, is the proper
defendant in a 42 U.S.C. § 405(g) action seeking this Court's
review of a final decision to deny Social Security benefits.
<u>Butler v. Apfel</u>, 144 F.3d 622, 624 (9th Cir. 1998). The statute
does not permit a plaintiff to name as defendant the
administrative law judge (ALJ) who issued a decision to deny
Social Security benefits; there is no <u>Bivens</u> claim for the denial
of Social Security benefits. <u>Id.</u>

Here, Plaintiff names as defendants not only the
Commissioner of Social Security, but also the Honorable Bert C.
Hoffman, an administrative law judge of the SSA.

Accordingly, the Court finds that Plaintiff has failed to
state a claim against the administrative law judge, and
Plaintiff's claim against the ALJ must be dismissed without leave
to amend.

C. <u>Order to Serve the Commissioner</u>

The Court concludes that Plaintiff has stated a claim
against the Commissioner of Social Security, one of the named
defendants, for review of a final decision concerning a claim
that Plaintiff was disabled and was entitled to Social Security
Benefits.

Therefore, service is appropriate with respect to Defendant Commissioner of Social Security.

D. <u>Recommendations</u>

Accordingly, it IS RECOMMENDED that

1) Plaintiff's claim against Administrative Law Judge Bert C. Hoffman BE DISMISSED WITHOUT LEAVE TO AMEND; and

2) The Court FIND that Plaintiff states a claim against the Commissioner of Social Security for review of a decision denying Plaintiff's claim for benefits, and that thus service upon the Commissioner is appropriate; and

3) The Court ISSUE DIRECTIONS to Plaintiff, the Clerk, and the Marshal, as follows:

a) The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an instruction sheet, a notice of submission of documents, and two copies of the complaint filed in this Court.

b) Within thirty days from the date of service of the order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

1. Completed summons;

2. One completed USM-285 form for each defendant listed above; and

3. Two copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service;

c) Upon receipt of the documents described above, the

Clerk of the Court SHALL FORWARD them to the
United States Marshal to serve the above-named
defendants pursuant to Federal Rule of Civil
Procedure 4 without payment of costs.

    d) Upon receipt of the documents described above, the
Marshal SHALL SERVE the above-named Defendants.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order. Local Rule 11-110.**

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

////
/////
//////
///////
////////

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **April 27, 2009**                                    **/s/ Sandra M.**
                                  **Snyder**
                      UNITED STATES MAGISTRATE JUDGE